REQUESTED BY: Senator Ray Aguilar Nebraska State Legislature
QUESTIONS: 1. Does the Private Prison Contracting Act apply where a county wants to make its county jail available for the placement of "contract inmates"?
 2. Does the Act apply to a private/public partnership formed to design, finance, and build a county owned correctional facility which is to be managed by a private entity under the supervision of a county board of corrections or a county sheriff?
CONCLUSION: 1. Not for the most part.
 2. The Act applies to the extent it expressly withholds authorization for such a project.
The Private Prison Contracting Act, Neb. Rev. Stat. §§ 47-801
to 47-807 (2001 Supp.), allows the Nebraska Department of Correctional Services to use the services of private prison contractors, either as managers of the Department's own facilities or, if certain need-based criteria are met, as builders and operators of private correctional facilities. The Act indicates that if such private contractors are to be used, then various, specified contract provisions must be included to ensure proper operation and oversight of the facility and to minimize or eliminate the State's liability.
You ask if the Act applies to a county correctional facility which desires to open its doors on a contract basis to inmates committed to the Department. In our opinion, the Act really does not address the use of county correctional facilities for the placement of such inmates. If it touches upon the subject at all, it is in Neb. Rev. Stat. § 47-802(1), which begins: "The Department of Correctional Services is authorized to provide for incarceration, supervision, and residential treatment at facilities other than those operated by the Department of Correctional Services." The paragraph sets forth various services which are to be afforded inmates assigned to such facilities, and then goes on to specify that "[s]uch services, if provided by private prison contractors, shall be contracted for as required by the Private Prison Contracting Act." The paragraph concludes with the statement that inmates incarcerated in a correctional institution operated under this subsection shall be treated as reasonably and humanely as inmates in institutions of the Department. The rest of the Act is essentially devoted to the subject of private prison contractors.
Next, you ask whether the Act applies to a public/private partnership to construct a county owned jail facility which may be placed under private management under the supervision of the county board of corrections or the county sheriff. We believe the Act applies to the extent it expressly withholds authorization from such an arrangement. According to Neb. Rev. Stat. §47-806, the Act "does not authorize a county or other political subdivision to enter into a contract with a private prison contractor to construct or operate a correctional facility within or on behalf of such county or other political subdivision." According to Senator Schimek, the introducer of the legislation, this section was added to clarify that a private prison "has to be done through the state and with the approval of the Department of Corrections". Floor Debate on LB 85, 97th Neb. Leg., 1st Sess. 8355 (May 29, 2001).
Sincerely,
 DON STENBERG Attorney General
 Mark D. Starr Assistant Attorney General
Approved:
_________________________________ Attorney General
cc: Patrick O'Donnell Clerk of the Legislature